# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. No. 1209016864 |
| | ) | |
| | ) | |
| AARON HOLLIS, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: January 31, 2017
Decided: March 27, 2017

## ORDER

*Upon Defendant's Motion for Postconviction Relief*
**SUMMARILY DISMISSED**

*Upon Defendant's Request for Appointment of Postconviction Counsel*
**DENIED**

Upon consideration of the Motion for Postconviction Relief ("PCR Motion") filed by Defendant Aaron Hollis ("Defendant"); Rule 61 of the Superior Court Criminal Rules ("Rule 61"); the facts, arguments, and legal authorities set forth by Defendant; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1.     On September 27, 2012, police arrested Defendant for allegedly participating in a large-scale drug dealing operation based in New Castle, Delaware.

2.     On February 4, 2013, a Grand Jury charged Defendant with ten felony

offenses, including multiple counts of Drug Dealing, Conspiracy Second Degree, Racketeering, and Forgery First Degree. Defendant was appointed counsel to represent him ("Defense Counsel").

3. On October 21, 2013, Defendant pleaded guilty to Racketeering, Drug Dealing, and Conspiracy Second Degree.

4. By Order dated March 20, 2015, effective April 29, 2013, Defendant was sentenced. As to Racketeering, Defendant was sentenced to 25 years at Level V with credit for 15 days previously served, suspended after 5 years at Level V for 2 years at Level III/TASC. As to Drug Dealing, Defendant was sentenced to 15 years at Level V, suspended after 5 years at Level V for 2 years at Level III. As to Conspiracy Second Degree, Defendant was sentenced to 2 years at Level V, suspended for 1 year at Level III.

5. On June 8, 2015, Defendant filed a motion to preserve Defendant's right to request sentence reduction at a later time. By Order dated July 10, 2015, the Court denied Defendant's motion, finding that Rule 35 of the Superior Court Criminal Rules did not provide for the requested relief.

6. On October 16, 2015, Defendant filed a motion for correction of sentence. By Order dated February 23, 2016, the Court denied Defendant's motion.

7. On July 23, 2015, Defendant filed the PCR Motion currently before

2

the Court. Defendant asserts that Defense Counsel provided ineffective assistance of counsel by (1) failing to ensure that Defendant was sentenced in accordance to the State's plea agreement; (2) coercing Defendant into pleading guilty; and (3) failing to adequately challenge the charges that led to Defendant's convictions. On August 26, 2016, Defendant filed a motion for appointment of counsel, requesting this Court to appoint postconviction counsel in connection with Defendant's PCR Motion.

8. Defendant filed his PCR Motion on July 23, 2015.[1] Accordingly, the June 1, 2015 version of Rule 61 applies.[2] Postconviction relief is a "collateral remedy which provides an avenue for upsetting judgments that have otherwise become final."[3] To protect the finality of criminal convictions, the Court must consider the procedural requirements for relief set out under Rule 61(i) before addressing the merits of the motion.[4]

9. Rule 61(i)(1) bars a motion for postconviction relief that is filed more than one year from a final judgment of conviction.[5] This bar is inapplicable as Defendant's PCR Motion is timely. Rule 61(i)(2) bars successive motions for

---

[1] Defendant's PCR Motion was referred to this judicial officer on January 31, 2017.

[2] *See Washington v. State*, 2014 WL 4243590, at *2 (Del. Aug. 26, 2014) (applying the version of Rule 61 in effect when defendant originally filed his postconviction motion).

[3] *Flamer v. State*, 585 A.2d 736, 745 (Del. 1990).

[4] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[5] Super. Ct. Crim. R. 61(i)(1).

postconviction relief.[6] This bar is inapplicable as this is Defendant's first postconviction motion. Rule 61(i)(3) bars relief if the postconviction motion includes claims that were not asserted in prior proceedings leading to the final judgment, unless the movant shows cause for relief from the procedural bars and prejudice from a violation of the movant's rights.[7] Moreover, Rule 61(i)(4) bars relief if the postconviction motion includes grounds for relief formerly adjudicated in any proceeding leading to the judgment of conviction, in an appeal, or in a postconviction proceeding.[8] Rule 61(i)(3) and 61(i)(4) are inapplicable because Defendant's claims for ineffective assistance of counsel could not have been raised on direct appeal.[9]

10. The procedural requirements of Rule 61(i) are satisfied. Accordingly, the Court will address Defendant's PCR Motion on the merits.

11. The standard used to evaluate claims of ineffective counsel is the two-prong test articulated by the United States Supreme Court in *Strickland v. Washington*,[10] as adopted in Delaware.[11] Under *Strickland*, Defendant must show

---

[6] Super. Ct. Crim. R. 61(i)(2).
[7] Super. Ct. Crim. R. 61(i)(3).
[8] Super. Ct. Crim. R. 61(i)(4).
[9] *Thelemarque v. State*, 2016 WL 556631, at *3 (Del. Feb. 11, 2016) ("[T]his Court will not review claims of ineffective assistance of counsel for the first time on direct appeal."); *Watson v. State*, 2013 WL 5745708, at *2 (Del. Oct. 21, 2013) ("It is well-settled that this Court will not consider a claim of ineffective assistance that is raised for the first time in a direct appeal.").
[10] 466 U.S. 668 (1984).

that (1) Defense Counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for Defense Counsel's unprofessional errors, the result of the proceeding would have been different.[12] Failure to prove either prong will render the claim insufficient.[13] The Court shall dismiss entirely conclusory allegations of ineffective assistance.[14] The movant must provide concrete allegations of prejudice, including specifying the nature of the prejudice and the adverse affects actually suffered.[15]

12.    With respect to the first prong—the performance prong—the movant must overcome the strong presumption that counsel's conduct was professionally reasonable.[16] To satisfy the performance prong, Defendant must assert specific allegations establishing that Defense Counsel acted unreasonably as viewed against "prevailing professional norms."[17] With respect to the second prong—the prejudice prong—Defendant must show that "there is a reasonable probability that, but for

---

[11] *Albury v. State*, 551 A.2d 53 (Del. 1988).

[12] *Strickland*, 466 U.S. at 687.

[13] *Id.* at 688; *Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996).

[14] *Younger*, 580 A.2d at 555; *Jordan v. State*, 1994 WL 466142, at *1 (Del. Aug. 25, 1994).

[15] *Strickland*, 466 U.S. at 692; *Dawson*, 673 A.2d at 1196.

[16] *Strickland*, 466 U.S. at 687–88.

[17] *Id.* at 688; *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996) ("Mere allegations of ineffectiveness will not suffice.").

counsel's unprofessional errors, the result of the proceeding would have been different."[18]

13.    Defendant contends that Defense Counsel provided ineffective assistance of counsel in connection with Defendant's guilty plea. Specifically, Defendant asserts that Defense Counsel misrepresented the severity of Defendant's sentence under the State's plea offer, coercing Defendant to accept the plea without a knowing, voluntary, and intelligent waiver of Defendant's rights. Moreover, Defendant alleges that the State failed to honor the plea agreement that was originally negotiated on Defendant's behalf.

14.    Pursuant to Rule 11(c)(1) of the Superior Court Criminal Rules, the Court addressed Defendant personally in open court prior to Defendant's sentencing. The Court determined that Defendant understood the nature of the charges to which the plea was offered, including the mandatory minimum and maximum penalties provided by law. Defendant confirmed that his plea was voluntary, and not the result of force, threats, or promises apart from the plea agreement.[19] Defendant acknowledged to the Court that he discussed his case fully with Defense Counsel and was satisfied with Defense Counsel's representation.[20]

---

[18] *Ploof v. State*, 75 A.3d 811, 821 (Del. 2013) (quoting *Strickland*, 466 U.S. at 694).
[19] *See Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).
[20] *See id.*

15. A defendant's statements to the Court during a plea colloquy are presumed to be truthful,[21] and pose a "formidable barrier in any subsequent collateral proceedings."[22] It is well-settled that in the absence of clear and convincing evidence to the contrary, a defendant is bound by the statements made during the plea colloquy and by his representations on the Truth-in-Sentencing Guilty Plea Form.[23] A knowing and voluntary guilty plea waives any objection to alleged errors and defects that occur before entry of the plea,[24] even those of a constitutional dimension.[25]

16. The record does not contain clear and convincing evidence that Defense Counsel coerced Defendant into pleading guilty by misrepresenting the State's plea offer, or that the State failed to honor Defendant's negotiated plea agreement. To the contrary, the record reflects that Defendant was sentenced

---

[21] *Id.* (citing *Bramlett v. A.L. Lockhart*, 876 F.2d 644, 648 (8th Cir. 1989)).

[22] *Somerville*, 703 A.2d at 632 (quoting *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985)).

[23] *Colburn v. State*, 2016 WL 5845778, at *2 (Del. Oct. 5, 2016) (citing *Somerville*, 703 A.2d at 632); *Harmon v. State*, 2016 WL 4710006, at *3 (Del. Sept. 8, 2016); *Grayson v. State*, 2016 WL 2935027, at *3 (Del. May 16, 2016); *Whittle v. State*, 2016 WL 2585904, at *3 (Del. Apr. 28, 2016).

[24] *Muldrow v. State*, 2016 WL 4446610, at *2 (Del. Aug. 23, 2016); *Hobbs v. State*, 2016 WL 3751838, at *2 (Del. July 5, 2016); *Foote v. State*, 2012 WL 562791, at *1 (Del. Feb. 21, 2012); *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003); *Downer v. State*, 543 A.2d 309, 312 (Del. 1988).

[25] *Scarborough v. State*, 2015 WL 4606519, at *3 (Del. July 30, 2015); *Fonville v. State*, 2015 WL 5968251, at *2 (Del. Oct. 13, 2015); *Wilson v. State*, 2010 WL 572114 (Del. Feb. 18, 2010); *Smith v. State*, 2004 WL 120530, at *1 (Del. Jan. 15, 2004) (citing *Tollett v. Henderson*, 411 U.S. 258, 266–67 (1973)).

pursuant to the terms of the State's offer. Specially, in exchange for Defendant's plea of guilty to Racketeering, Drug Dealing, and Conspiracy Second Degree, the State agreed to dismiss multiple remaining felony charges against Defendant. Moreover, Defendant's plea agreement indicates that the State recommended an open sentencing. Ultimately, the Court sentenced Defendant within statutorily prescribed limits and Defendant received a significant benefit from accepting the offer in light of his additional pending felony charges.

17. Defendant's assertions regarding his plea are conclusory and lack any factual support or citation to the record. Accordingly, Defendant's PCR Motion fails to overcome the formidable barrier of Defendant's statements during his guilty plea colloquy and on the Truth-in-Sentencing Guilty Plea Form, and fails to demonstrate ineffective assistance of counsel under the *Strickland* standard.

18. Defendant contends that Defense Counsel provided ineffective assistance of counsel by failing to challenge the investigation and charges leading to Defendant's convictions. Specifically, Defendant asserts that Defense Counsel should not have permitted Defendant to be convicted of Drug Dealing where no drugs were found in Defendant's possession.

19. An individual is guilty of Drug Dealing when he "[m]anufactures, delivers, or possesses with the intent to manufacture or deliver a controlled

8

substance."[26]   Contrary to Defendant's assertion, the State may establish possession by demonstrating that an individual actually *or* constructively possessed a controlled substance.[27]   "In order to establish constructive possession, the State must present evidence that the defendant: (1) knew the location of the drugs; (2) had the ability to exercise dominion and control over the drugs; and (3) intended to guide the destiny of the drugs."[28]   Constructive possession may be established through direct or circumstantial evidence.[29]   Moreover, the Delaware Supreme Court has held that "a prima facie case of constructive possession may be established if there is 'evidence linking the accused to an ongoing criminal operation of which possession is a part.'"[30]

20.   This Court finds sufficient evidence on the record for the State to have established Defendant's constructive possession of a controlled substance. Furthermore, the record does not indicate that Defense Counsel failed to pursue potentially viable strategies or evidentiary challenges on Defendant's behalf. Accordingly, this Court finds that the allegations of ineffectiveness raised in

---

[26] 16 *Del. C.* § 4754(1).

[27] *White v. State*, 2007 WL 2320068, at *2 (Del. Aug. 15, 2007); *Hoey v. State*, 689 A.2d 1177, 1181 (Del. 1997).

[28] *Wright v. State*, 2014 WL 1003584, at *1 (Del. Mar. 7, 2014) (quoting *Hoey*, 689 A.2d at 1181).

[29] *White*, 906 A.2d at 86; *Hoey*, 689 A.2d at 1181.

[30] *Wright*, 2014 WL 1003584, at *1 (quoting *Hoey*, 689 A.2d at 1181).

Defendant's PCR Motion lack substantiated factual support on the record and, therefore, are insufficient to satisfy the *Strickland* standard.

21. This Court's examination of Defendant's PCR Motion and the contents relating to the judgment under attack plainly indicates that Defendant is not entitled to the requested relief. Accordingly, summary dismissal is appropriate.[31]

22. Rule 61(e)(2) governs appointment of counsel for first postconviction motions in guilty plea cases. Pursuant to Rule 61(e)(2), the Court may appoint postconviction counsel if "(i) the conviction has been affirmed by final order upon direct appellate review or direct appellate review is unavailable; (ii) the motion sets forth a substantial claim that the movant received ineffective assistance of counsel in relation to the plea of guilty or nolo contendere; (iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and (iv) specific exceptional circumstances warrant the appointment of counsel."

23. For the reasons previously set forth, this Court does not find that Defendant's PCR Motion raises a substantial claim that Defendant received ineffective assistance of counsel in relation to his guilty plea,[32] or that specific

---

[31] *See* Super. Ct. Crim. R. 61(d)(5).
[32] Super. Ct. Crim. R. 61(e)(2)(ii).

10

exceptional circumstances warrant the appointment of postconviction counsel.[33] Accordingly, Defendant fails to satisfy the requirements of Rule 61(e)(2).

**NOW, THEREFORE, this 27th day of March, 2017, Defendant's Motion for Postconviction Relief is hereby SUMMARILY DISMISSED, and Defendant's request for appointment of postconviction counsel is hereby DENIED.**

**IT IS SO ORDERED.**

The Honorable Andrea L. Rocanelli

---

[33] Super. Ct. Crim. R. 61(e)(2)(iv).